# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**TIMOTHY G. PRYER,**                                                **PLAINTIFF**

**V.**                         **NO. 1:06CV302-D-B**

**BETTY FRENCH, et al.,**                        **DEFENDANTS**

## OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated in the Central Mississippi Correctional Facility, files this complaint pursuant to 42 U.S.C. § 1983[1]. Plaintiff seeks equitable relief and monetary damages.

Plaintiff states that he has essentially been "railroaded" by a conspiracy involving attorneys and officials from various state agencies. As a result of this conspiracy, Plaintiff contends, he was convicted and is now illegally incarcerated.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.).

The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the

---

[1] Plaintiff has attempted to characterize his complaint as a claim for relief pursuant to 42 U.S.C. § 1985, as opposed to § 1983.

proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

If plaintiff is successful in the instant case he would clearly be entitled to accelerated release. Therefore, he must obtain habeas corpus relief before bringing suit pursuant to § 1983, and this case must be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Despite his characterization of this action as a § 1985 claim, it is routinely recognized that the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), prohibits such a maneuver. In *Heck*, the court declared "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalided is not cognizable under § 1983." *Id.*

A number of courts have applied the *Heck* rationale to § 1985 claims reasoning that a prisoner cannot do through § 1985 what he is unable to accomplish through § 1983. *See Paulus v. Light*, 76 F.3d 716, 726 (6th Cir. 1996); *Reed v. City of Meridian Police Dept.*, 879 F. Supp. 47, 49 (S.D. Miss. 1995); *Martinez v. Ensor*, 958 F. Supp 515 (D. Colo. 1997). A cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Heck*, 513 U.S. at 489-91. There is no proof or allegation that Plaintiff's conviction has been called into question. Accordingly, Plaintiff may not challenge the validity of his conviction or sentence by seeking damages under 42 U.S.C. § 1985. Since the court has not considered the merits of Plaintiff's complaint and consistent with *Heck*, dismissal should be without prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 6th day of December, 2006.

                                              /s/ Glen H. Davidson
                                              Chief Judge